UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4249 CJC(JC) | Date | July 17, 2008 |
|---|---|---|---|
| Title | Brady K. Armstrong v. A. Hedgpeth | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:          Attorneys Present for Respondent:

None                                                              None

**Proceedings:**          (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED

On June 26, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the instant action (the "Second Federal Action"). The instant Petition is the second petition which petitioner has filed in this court which challenges a 2003 conviction in San Bernardino County Superior Court Case No. FSB33205 (the "State Case"). The first such petition is currently pending before this court in the case entitled: Brady K. Armstrong v. A. Hedgpeth, No. EDCV 08-695 CJC(JC) (the "First Federal Action"). The habeas petitions in the First Federal Action and the Second Federal Action both raise the same two claims: (1) petitioner's sentence was imposed via the use of misinformation; and (2) the trial court imposed a sentence which deprived petitioner of inmate credit rate earning pursuant to California Penal Code Section 2933 and instead subjected petitioner to the non-applicable California Penal Code Section 2933.1.[1]

In cases in which a federal habeas petitioner already has pending a federal habeas petition pertaining to the same state court conviction in the same court, dismissal is appropriate because the maintenance of a duplicative action serves no legitimate purpose. See Heidinger v. Yates, 2007 WL 1711776 (N.D. Cal. June 13, 2007) (dismissing habeas petition because petitioner already had habeas petition pertaining to same state court conviction pending in same court); Smith v. Louisiana, 2006 WL 1985367 (E.D. La. June 7, 2006) (even if construed as habeas petition, filing challenging convictions should be dismissed as duplicative since petitioner already has pending in same court a habeas petition involving same convictions). If petitioner is entitled to any relief in connection with his claims, the court can afford such relief in a single action.[2]

---

[1] The Petition in the instant Second Federal Action cross-references "Exhibit 11" thereto in the section calling for the grounds for relief. Exhibit 11 is a petition for writ of habeas corpus filed by petitioner in the California Supreme Court on December 8, 2006 in Case No. S148775. Such petition contains the two claims referenced above.

[2] As the habeas petitions in the First Federal Action and the Second Federal Action raise the same two claims, the court does not construe the Second Federal Action as a motion to amend the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4249 CJC(JC) | Date | July 17, 2008 |
|---|---|---|---|
| Title | Brady K. Armstrong v. A. Hedgpeth | | |

In light of the foregoing, petitioner is hereby ORDERED TO SHOW CAUSE by no later than **August 6, 2008** as to why this Second Federal Action should not be dismissed in light of the fact that he has another habeas petition pending in the First Federal Action which challenges the same conviction and raises the same claims.[3]

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in a recommendation to dismiss this action based upon the above-stated reason and/or upon petitioner's failure to prosecute.**

IT IS SO ORDERED.

Initials of
Deputy Clerk        kc

---

amended petition in the First Federal Action.  Cf. Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008) (if prior habeas petition still pending when subsequent habeas petition filed, court should not deem subsequent petition successive but instead should construe subsequent petition as motion to amend first habeas petition).

[3]If petitioner has filed the instant Second Federal Action solely for the purpose of having the court consider the voluminous exhibits he has submitted herein and otherwise does not intend to pursue a separate action, he should simply request that the exhibits in the Second Federal Action be lodged in the First Federal Action and that the instant Second Federal Action be dismissed without prejudice.